Not For Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., *Plaintiff*, v. MAHESH, INC., and KIRAN PATEL, *Defendants*. | Civil Action No. 18-16336 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case concerns the breach of a franchise agreement (the "Agreement") and personal guaranty (the "Guaranty"). D.E. 1. Currently pending before the Court is an unopposed motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) by Plaintiff Super 8 Worldwide, Inc. ("Super 8") against Defendants Mahesh, Inc. ("Mahesh") and Kiran Patel. D.E. 14-1. The Court reviewed all submissions made in support of this motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiff's motion is granted.

I. INTRODUCTION[1]

In 2013, Super 8 entered into the Agreement with Mahesh for the operation of a 50-room Super 8 guest lodging facility (the "Facility") in McDonough, Georgia, for a twenty-year term. Compl. ¶¶ 8, 7; *see also* D.E. 1, Ex. A (the "Agreement"). Section 7 of the Agreement requires

---

[1] The Court derives the facts from Plaintiff's Complaint, D.E. 1 ("Compl."), as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment, D.E. 14. *See Trustees of the Teamsters Pension Trust Fund of Phila. & Vicinity v. Riccelli Premium Produce, Inc.*, 2011 WL 1114175, at *1 (D.N.J. Mar. 23, 2011).

Mahesh to pay Super 8 periodic payments, entitled "Recurring Fees," including royalties, system assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees. Compl. ¶ 10; Agreement § 7. The Agreement also places several other obligations on Mahesh, the franchisee, including but not limited to submitting monthly reports to Super 8, Agreement § 3.6, and allowing Super 8 to inspect, examine, and audit the Facility's books, Agreement §§ 3.6, 4.8. Compl. ¶¶ 11-14.

On the same day, Super 8 entered into the Guaranty with Patel. Compl. ¶ 15; D.E. 1, Ex. B (the "Guaranty"). Under the Guaranty, Patel personally assumed the obligations of Mahesh under the Agreement should Mahesh fail in its obligations. Compl. ¶¶ 15-17; *see also* Guaranty ("Upon default by [Mahesh] and notice from [Super 8][,] [Patel] will immediately make each payment and perform or cause [Mahesh] to perform, each unpaid or performed obligation of [Mahesh] under the Agreement.").

Super 8 alleges that Mahesh breached the Agreement by failing to remit agreed upon Recurring Fees. Compl. ¶¶ 18-25. Super 8 sent Mahesh the following series of letters notifying Mahesh of its breach and providing the amount of outstanding Recurring Fees: (1) May 25, 2017: $44,634.29; (2) August 11, 2017: $49,518.60; (3) November 8, 2017: $59,429.14; (4) February 8, 2018: $69,461.60; (5) May 4, 2018: $79,455.31; (6) August 13, 2018: $99,702.23; (7) November 8, 2018: $111,652.17. Compl. ¶¶ 18-24; *see also* D.E. 1, Ex. C-I. As of November 15, 2018, Super 8 alleges that Mahesh owed Super 8 approximately $112,905.83 in outstanding Recurring Fees. Compl. ¶ 25.

Super 8 filed its Complaint against Defendants in this Court on November 20, 2018, alleging four Counts: (I) breach of Sections 3.6 and 4.8 of the Agreement (accounting of profits) against Mahesh; (II) breach of Section 7 of the Agreement (payment of Recurring Fees) against

2

Mahesh; (III) unjust enrichment against Mahesh; and (IV) breach of the Guaranty against Patel. Compl. ¶¶ 26-41. Super 8 then served Defendants via personal service on Patel on December 12, 2018. D.E. 6; D.E. 7. Defendants never answered Super 8's Complaint, and Defendants' time to do so has expired.

The Clerk of the Court entered default against Defendants on March 25, 2019 for failure to plead or otherwise defend this action. Super 8 informed Defendants of the entry of default by letter dated March 26, 2019. D.E. 14-2. Defendants did not respond. Super 8 now moves for default judgment, seeking payment for outstanding Recurring Fees through April 2019 in the amount of $140,118.91, inclusive of interest (calculated at the rate of 1.5% per month under Section 7.3 of the Agreement) against Defendants. D.E. 14-3 ("Fenimore Aff.") ¶ 21. Defendants, again, have not responded to date.

## II. ANALYSIS

Federal Rule of Civil Procedure 55(a) allows for the entry of default against a party who "has failed to plead or otherwise defend" claims against him. Fed. R. Civ. P. 55(a). Once a default has been entered, the plaintiff "may [then] seek the Court's entry of default judgement under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *see also Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 A. App'x 519, 521 n.1 (3d Cir. 1984) ("Prior to obtaining a default judgment . . . there must be entry of default as provided by Rule 55(a)."). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "Once

3

a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters*, 2011 WL 4729023, at *2 (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005)).

Prior to entering a default judgment, the court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Gro. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 20, 2015). Additionally, the court must consider the following factors: (1) the prejudice suffered by the party seeking default; (2) whether the party subject to default has a meritorious defense; and (3) the culpability of the party subject to default. *Doug Brady, Inc.*, 205 F.R.D. at 177. All doubts must be resolved in favor of proceeding on the merits. *Id.*

Jurisdiction

The court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties" before entering a default judgment against a party who has failed to plead or otherwise defend against a complaint. *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Under Section 1332, a party establishes subject matter jurisdiction by way of diversity jurisdiction in showing "that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010) (citing 28 U.S.C. § 1332(a)). For purposes of diversity jurisdiction, "a corporation

4

shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As to the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," and the plaintiff only fails to meet the requirement if it "appear[s] to a legal certainty that the claim is really for less than the jurisdiction amount[.]" *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 385 (3d Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

Here, Plaintiff is a South Dakota corporation with its principal place of business in Parsippany, New Jersey, Compl. ¶ 1, meaning Super 8 is a citizen of South Dakota and New Jersey for diversity purposes. Defendant Mahesh is a Georgia corporation with its principal place of business in McDonough, Georgia, Compl. ¶ 2, meaning Mahesh is a citizen of Georgia for diversity purposes. Defendant Patel is also citizen of Georgia. Compl. ¶ 3. Therefore, complete diversity exists between the parties. Further, the amount in controversy is $140,118.91. The Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

The Court also has personal jurisdiction over Defendants. "The United States Supreme Court has held that a contractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 373 (D.N.J. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)); *see also Coyle v. Mathai*, No. 11-5185, 2011 WL 5828522, at *4 (D.N.J. Nov. 18, 2011) ("Personal jurisdiction is a right that can be waived by agreeing in advance to submit to the jurisdiction of a given court pursuant to a contract with a forum selection clause."). Here, Section 17 of the Agreement, signed by Mahesh, provides that Defendant Mahesh "consent[s] and waive[s] [its] objection to the non-exclusive personal jurisdiction of and venue in . . . the United States District

5

Court for the District of New Jersey for all cases and controversies under this Agreement[.]" Compl. ¶ 5; Agreement § 17.6.3. Additionally, the Guaranty, signed by Defendant Patel, "acknowledge[s] that Section 17 of the Agreement, including Remedies, Venue and Dispute Resolution . . . applies to this Guaranty." Guaranty; *see also* Compl. ¶ 6. The Court sees no reason why these freely agreed-upon consents to personal jurisdiction should be disregarded. Accordingly, the Court has personal jurisdiction over the Defendants by virtue of the Agreement and the Guaranty.

Service of Process

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant[s]." *Teamsters*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). A corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Super 8 Worldwide, Inc. v. Sayona, Inc.*, No. 17-00577, 2017 WL 3622028, at *3 (D.N.J. Aug. 22, 2017) (citing Fed. R. Civ. P. 4(h)(1)(B)). An individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A).

Here, both Mahesh and Patel were properly served. Mahesh was served on December 12, 2018 under Rule 4(h) by personal service on Patel, the sole owner of Mahesh. D.E. 6; Compl. ¶ 3. Patel was properly served on December 12, 2018 as an individual under Rule 4(e) by personal service. D.E. 7.

Sufficient Causes of Action and Damages

Next, the Court must determine whether the Complaint states proper causes of action. *Chanel, Inc.*, 558 F. Supp. at 536. In doing so, the court must "accept as true the well-pleaded

factual allegations of the Complaint," except as to damages. *Id.* at 535-36. Super 8 alleges breach of contract claims against Mahesh and Patel,[2] and seeks damages consisting of Recurring Fees and prejudgment interest.[3] Compl ¶¶ 33, 41; Fenimore Aff. ¶ 21.

Counts II and IV state valid causes of action for breach of contract. Under New Jersey law, a breach of contract claim requires a plaintiff to show: "(1) the parties entered a valid contract; (2) the defendant failed to perform his obligations under the contract; and (3) Plaintiff sustained damages as a result." *Red Roof Franchising, LLC v. Patel*, 564 F. App'x 685, 688 (3d Cir. 2014) (citing *Murphy v. Implicito*, 940 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007)). Here, Super 8 entered into the Agreement with Mahesh on March 22, 2013. Agreement at 1, 26. The Agreement states a term of twenty years. Agreement § 5. The Agreement requires Mahesh to remit to Super 8 several agreed upon "Recurring Fees." Agreement § 7. Super 8 alleges that Mahesh failed to remit $112,905.83 in Recurring Fees under the Agreement as of November 15, 2018. Compl. ¶ 25.[4] Super 8 states a valid claim in Count II against Mahesh for failure to remit these Recurring Fees in breach of Section 7 of the Agreement.

Additionally, Super 8 entered into the Guaranty with Patel on March 22, 2013. Compl. ¶ 15; Guaranty at 1. The Guaranty states that "[u]pon default by [Mahesh] . . . [Patel] will immediately make each payment and perform or cause [Mahesh] to perform, each unpaid or

---

[2] Although the Complaint also asserts a claim for recovery under an unjust enrichment theory, the Court does not reach this claim because it finds that Super has established liability for Recurring Fees under the related breach of contract claim in Count II. *See Super 8 Worldwide, Inc. v. Jai-Ambe Neb., Inc.*, No. 11-03942, 2012 WL 933283, at *3 (D.N.J. Mar. 19, 2012).

[3] The Complaint also seeks accounting for any and all revenue the Facility has generated and damages for "attorneys' fees and costs of suit," Compl. ¶¶ 29, 33, 37, 41, but the motion for default judgment only seeks damages for Recurring Fees, Fenimore Aff. ¶ 21.

[4] Super 8 clarifies that this amount has risen to $140,118.91 through April 2019. Fenimore Aff. ¶ 21.

7

performed obligation of [Mahesh] under the Agreement." Guaranty at 1. Super 8 alleges that Mahesh failed to remit $112,905.83 in Recurring Fees under the Agreement as of November 15, 2018, and that that Patel has failed to remedy this default. Compl. ¶¶ 25, 40.[5] Thus, Super 8 also states a valid claim in Count IV against Patel for failure to remit these Recurring Fees in breach of the Guaranty.

"Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. *Moroccanoil*, 2015 WL 6673839, at *2. To prove damages, Plaintiff submitted an affidavit and exhibits (including an itemized charge list) demonstrating that Defendants owe Plaintiff $140,1181.91 – which equates to outstanding balance of Recurring Fees through April 2019, plus 1.5% interest pursuant to Section 7.3 of the Agreement. Fenimore Aff. ¶ 21; Fenimore Aff., Ex. J. The Recurring Fees consist of charges that were due pursuant to Section 7 of the Agreement. *See* Agreement § 7. Accordingly, Plaintiff has sufficiently alleged Counts II and IV for breach of contract against Defendants Mahesh and Patel, and has also sufficiently established damages for purposes of this default judgment motion.

Default Judgment Factors

Before imposing the extreme sanction of default judgment, district courts must determine the appropriateness of default judgment by weighing: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc.*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

---

[5] As indicated in note 4, Super 8 clarifies that this amount has risen to $140,118.91 through April 2019. Fenimore Aff. ¶ 21.

8

Here, all three factors weigh in favor of entering a default judgment for Plaintiff. First, given that the Defendants have not responded, "Defendant[s] ha[ve] put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan 22, 2015). As discussed above, accepting the allegations in the Complaint at true, Super 8 has sufficiently stated claims for relief against Defendants. Additionally, nothing on the face of the Complaint indicates that a meritorious defense is available. Second, if default judgment is not granted, Super 8 will not be able to recover damages owed under the Agreement and Guaranty, unfairly prejudicing Super 8. *See Knights Franchise Sys. v. Forward Hotels & Dev., LLC*, No. 17-2789, 2019 WL 2636070, at *5 (D.N.J. June 27, 2019) (finding the same). Third, Defendants' failure to answer, without providing any reasonable explanation, permits the court to draw an inference of culpability. *See Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016) (citing *Slover v. Live Universe, Inc.*, No. 0802645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009)). As a result, the Court finds that default judgment is warranted.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment, D.E. 14, is granted. The Court awards Plaintiff $140,118.91 in damages. An appropriate Order accompanies this Opinion.

Dated: July 19, 2019

John Michael Vazquez, U.S.D.J.

9